# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:24-cv-00187-MR

| | |
|---|---|
| ZEBULON SPURLOCK,        ) | |
|        ) | |
|        **Plaintiff,**        ) | |
|        ) | |
| **vs.**        ) | |
|        ) | |
| **ALAN C. JONES, et al.,**        ) | **ORDER** |
|        ) | |
|        **Defendants.**        ) | |
| _____  ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1].  Also pending is the Plaintiff's Request for Reduction of Fees.  [Doc. 7]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

## I.    BACKGROUND

The pro se Plaintiff, a federal prisoner, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred in Caldwell County on May 28, 2020.  [Doc. 1].

On May 18, 2020, the Plaintiff was charged in Calwell County District Court for offenses that were alleged to have occurred on May 13, 2020, including conspiracy to traffic methamphetamine, Case No. 2020CR051318. Those charges were dismissed in June and November, 2020.  On June 19, 2020, the Plaintiff was charged in this Court with federal methamphetamine

trafficking offenses, Case No. 5:20-cr-45-KDB. The Plaintiff pleaded guilty to one count of conspiracy to traffic methamphetamine between 2019 to May 2020 in Caldwell and Burke Counties, and to one count of possession with intent to distribute 24 grams of methamphetamine on May 13, 2020. [See 5:20-cr-45-KDB, Doc. 57 (Factual Basis)]. The Court sentenced him to 108 months' imprisonment on March 26, 2021. [Id. Doc. 137 (Judgment)].

The Plaintiff filed the Complaint in the instant case on August 13, 2024.[1] He names as Defendants: Alan C. Jones, the Sheriff of Calwell County; FNU Bailey, a Caldwell County Sheriff's Department (CCSC) captain; the North Carolina Department of Revenue (DOR); and Ronald J. Perry, the North Carolina Secretary of Revenue.[2] He asserts claims for "Illegal Search and Seizure Fourth Amendment." [Doc. 1 at 4]. Specifically, he alleges that, on May 28, 2020 in Caldwell County, he "[w]as arrested and [his] money taken for State law offence that was dismissed."[3] [Id. at 5] (errors

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff names the DOR in its official capacity, and the other Defendants in their individual and official capacities.

[3] The Plaintiff refers to a "Memorandum" and to a "Brief" that were apparently to have been filed with the § 1983 action; however, the Court has received no such documents. [Doc. 1 at 1, 5]. The Plaintiff, however, may be referring to a "Pro Se Motion for the Entry [sic] of an Order that Would Direct the Office of the Sheriff or Sheriff to Return Seized U.S. Currency in the Amount of $1,180.00 to the Above Named Movant/Def." which is attached to the Plaintiff's Complaint. [See Doc. 1-1]. This pleading, which the Plaintiff

2

uncorrected). From a review of the documents that are attached to the

Complaint, the Plaintiff appears to claim that, while he was being housed at

the Caldwell County Jail, he received a stimulus check that was deposited in

his inmate account, $1,180 of which was seized by the North Carolina

Department of Revenue towards the payment of an outstanding "Drug Tax."

[See Doc. 1 at 5; Doc. 1-1 at 1, 4, 16-17]. He contends that the funds were

taken from him unlawfully "since [he] was not found guilty of any charge of

drug dealing or tax evasion…." [Doc. 1-1 at 4]. The Plaintiff does not state

any injury. [Doc. 1 at 6]. For relief, he seeks "[t]he return of [his] money plus

interest from May 28, 2020 till current plus punitive damages of $20,000 and

Court Cost, with filing fees." [Id.].

The Plaintiff applied to bring this action *in forma pauperis*. [Doc. 2].

After obtaining the Plaintiff's prisoner trust account statement, the Clerk of

Court entered an Order granting Plaintiff in forma pauperis status, charging

him an initial partial payment of $40.03, and ordering the Plaintiff's

correctional facility to send monthly payments from Plaintiff's prisoner

account, pursuant to 28 U.S.C. § 1915, until the $350 filing fee is paid in full.

[Doc. 5]. The Plaintiff has now filed a Motion asking the Court to reduce the

---

signed and dated August 13, 2024, is captioned to both the Superior Court of Caldwell
County in Case No. 20CR051318, as well as to the "United States District Court Raleigh
North Carolina."

3

filing fee in this case, or to stay his payment of the fee until this action has expired, so that he can continue purchasing hygiene items and writing materials while he is incarcerated. [Doc. 7].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

4

set forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

North Carolina's Controlled Substance Tax ("Drug Tax"), N.C. Gen. Stat. §§ 105-113.105 through 105-113.113, imposes a special excise tax on "dealers" of "controlled substances" as that term is defined by the North Carolina criminal code. <u>See</u> N.C. Gen. Stat. §§ 105-113.017, 105-113.019. North Carolina law provides "extensive administrative process allowing taxpayers to challenge assessment or collection of taxes, as well as state judicial review of administrative decisions." <u>Bloodworth v. Dies</u>, No. 5:18-ct-3303, 2020 WL 1490697, at *3 (E.D.N.C. March 24, 2020).  A taxpayer may, for instance, request a refund of the garnishment, seek review of any denial by the DOR, contest the DOR's final determination, and seek judicial review of that decision. <u>See, e.g.</u>, N.C. Gen. Stat. §§ 105-241.7, 105-241.11 to 105-241.17.

The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341; <u>see</u> <u>Folio v. City of Clarksburg</u>, 134 F.3d 1211, 1214-15 (4th Cir. 1998) (defining "plain, speedy and efficient"

remedy).  North Carolina's Drug Tax is a "tax" under state law and, as such, the TIA applies.  See Nivens v. Gilchrist, 319 F.3d 151, 158 (4th Cir. 2003) (distinguishing the pre-1995 Drug Tax and case law finding it to be a criminal penalty including Lynn v. West, 134 F.3d 582 (4th Cir. 1998), from the amended Drug Tax); see White v. Hoyle, 846 F.Supp.2d 496 (W.D.N.C. March 2, 2012), aff'd, 474 F.App'x 899 (4th Cir. 2012) (the amended Drug Tax is a state tax that is subject to the TIA).

Moreover, the principle of comity "restrains the courts from entertaining claims that risk disrupting state tax administration."  Levin v. Commerce Energy, Inc., 560 U.S. 413, 424 (2010).  Comity is "more embracive than the TIA," and forbids damages claims against state and local officials for the allegedly unconstitutional administration of a state tax system.  Id.; see Gwozdz v. HealthPort Tech., LLC, 846 F.3d 738, 743 (4th Cir. 2017) (finding that a consumer's claim for damages against a medical records company for illegally collecting Maryland sales taxes for medical records was barred by the principle of comity); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 114-16 (1981) ("taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal court. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain,

adequate, and complete….”); Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 301-02 (4th Cir. 2000) (“[B]ased on principles of comity, a federal court cannot exercise jurisdiction over a claim for damages under § 1983 challenging a state tax so long as the state provides a remedy that is plain, adequate, and complete.” (internal quotation omitted)).

North Carolina’s procedures for challenging tax assessments and for requesting a refund provide the Plaintiff with a plain, speedy and efficient remedy, thus precluding federal jurisdiction over claims challenging the same. See, e.g., Hudson v. Saine, No. 21-7686, 2023 WL 7319444 (4th Cir. Nov. 7, 2023) (affirming the dismissal without prejudice on initial review of a prisoner’s § 1983 claims that garnishment of a Drug Tax from his prisoner account violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and seeking relief including a refund and damages, for failure to state a claim and for lack of subject matter jurisdiction); Bloodworth v. Dies, No. 5:18-ct-3303, 2020 WL 1490697, at *3 (E.D.N.C. March 24, 2020), appeal dismissed, 2020 WL 7974308 (4th Cir. Sept. 29, 2020) (granting defendants’ motion to dismiss a federal inmate’s claims that the seizure of a Drug Tax and interest from his inmate account violated his federal constitutional rights); White v. Hoyle, 846 F. Supp. 2d 496, 498 (W.D.N.C. March 2, 2012), aff’d, 474 F.App’x 899 (4th Cir. 2012) (granting motion to dismiss prisoner’s

7

§ 1983 action for the refund of property that was seized for payment of a Drug Tax, and for declaratory and injunctive relief, as barred by the TIA).

Under the principle of comity, the Plaintiff cannot avoid this conclusion by suing state and county Defendants in their individual and official capacities for violating his Fourth Amendment search and seizure rights. See McNary, 454 U.S. at 114-16; Lawyer, 220 F.3d at 304-05; Hudson, 2023 WL 7319444. The Court, therefore, lacks jurisdiction over the Plaintiff's claims regarding the assessment and garnishment of a Drug Tax from his inmate account, and the Complaint is dismissed without prejudice.[4]

The Plaintiff also seeks a stay or reduction of the filing fee in this case. [Doc. 7]. The Prison Litigation Reform Act ("PLRA") provides that a prisoner who brings a civil action or files an appeal in forma pauperis "shall be required to pay the full amount of a filing fee…." 28 U.S.C. § 1915(b)(1). The PLRA allows a prisoner to pay a partial initial filing fee, then installments through his prisoner account that are calculated pursuant to a formula set forth in the statute. § 1915(b)(1), (2). Here, the Clerk of Court followed this

---

[4] Even if the Plaintiff's claims were not barred by the TIA and by the principle of comity, they would be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A because *inter alia*: the Complaint was filed outside the three-year statute of limitations that applies to § 1983 actions; the DOR and Secretary Perry in his official capacity are not "persons" for purposes of § 1983, and are immune from suit under the Eleventh Amendment; and the allegations are too vague and conclusory to state a claim against any Defendant in his individual capacity, or against Sheriff Jones or Captain Bailey on a theory of municipal liability.

procedure to determine an initial partial payment, then directed the Plaintiff's institution to forward monthly partial payments, pursuant to the statute, until the entire filing fee is paid. The Plaintiff's desire to spend his funds on hygiene and writing materials, rather than on the filing fee, fails to warrant either a reduction of the fee amount or a stay of the fee payments. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review and will be dismissed without prejudice for lack of subject-matter jurisdiction, and his Motion seeking a stay or reduction of the filing fee is denied.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1.   The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2.   The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3.   The Plaintiff's Request for Reduction of Fees [Doc. 7] is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge