# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:24-cv-00187-MR

| | |
|---|---|
| **ZEBULON SPURLOCK,**      )<br>                                                    )<br>                    **Plaintiff,**   )<br>                                                    )<br>**vs.**                                         )<br>                                                    )<br>**ALAN C. JONES, et al.,**         )<br>                                                    )<br>                    **Defendants.** )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Letter that was docketed as a Motion seeking relief from the filing fee. [Doc. 9].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He was granted leave to proceed in forma pauperis, and the Court entered an Order waiving the initial partial filing fee and directing his institution to forward the Court monthly payments from his prisoner account in accordance with 28 U.S.C. § 1915. [Doc. 4]. The Plaintiff requested that the Court reduce or stay withdrawals from his prisoner account to pay the filing fee because the Plaintiff desired to spend his funds on hygiene and writing materials. [Doc. 7]. On October 4, 2024, the Court denied that request because the Court's Order complies with the law, and because the Plaintiff's desire to spend his funds on items other than the filing

fee fails to warrant a reduction of the fee amount or a stay of the fee payments.[1]  [Doc. 8].

Meanwhile, on October 3, 2024,[2] the Plaintiff filed the instant Letter in which he again asks the Court to stop charging his inmate account for the filing fee.  He argues that the deductions are causing him "hardship" and that the payments are defeating the purpose of this lawsuit, i.e., to collect money that is owed to him.  [Doc. 9].  His present request for relief from the filing fee is denied for the same reasons previously discussed.  [Doc. 8].

The Plaintiff is cautioned that any future requests to the Court must be filed in a "Motion."  [See Aug. 19, 2024 Order of Instructions].  The Plaintiff should also refrain from making duplicative or otherwise abusive filings.  Any future requests that are not filed in a "Motion" or that are otherwise improper or abusive may be stricken and will not receive a response from the Court.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Letter [Doc. 9] is construed as a Motion for Relief from the Filing Fee [Doc. 9] and is **DENIED**.

---

[1] In the same Order, the Court dismissed the Complaint on initial review and granted the Plaintiff the opportunity to amend.  [Doc. 8].

[2] The postmark date is used here because the Plaintiff fails to certify the date upon which he placed the Letter in the prison's mail system. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

**IT IS SO ORDERED.**

Signed: October 16, 2024

Martin Reidinger
Chief United States District Judge